IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

SHANE STEPHEN HOLBROOK,

    Plaintiff,

v.                                              Case No. 3:16-cv-03774

CABELL COUNTY PUBLIC DEFENDER'S
OFFICE; and KIM CARICO,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1) and a Complaint filed pursuant to 42 U.S.C. § 1983. (ECF No. 2). In keeping with 28 U.S.C. § 1915(e)(2), the undersigned has conducted a preliminary review of Plaintiff's complaint to determine if the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Although *pro se* complaints, such as the one filed in this case, must be liberally construed to allow the development of potentially meritorious claims, the court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985). At the same time, to achieve justice, the

court may allow a *pro se* plaintiff the opportunity to amend his complaint in order to correct deficiencies in the pleading. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978).

Plaintiff's complaint alleges the following:

1. Kim Carico, a Cabell County Public Defender, waived Plaintiff's preliminary hearing in a criminal case without his consent and against his interest.

2. The Cabell County Public Defender's Office negligently trained, supervised, retained, and maintained Kim Carico, and failed to check for a conflict of interest.

(ECF No. 2 at 4-5). Plaintiff seeks $750,000 in compensatory and punitive damages, as well as other non-monetary relief. (*Id.* at 5).

In order for the undersigned to complete a preliminary review of the merits of the complaint and rule on the motion to proceed *in forma pauperis*, Plaintiff is **ORDERED** to amend his complaint within **forty-five (45) days** of the date of this Order and cure the various deficiencies in pleading as indicated below:

1. Kim Carico apparently is a public defender who represented Plaintiff in connection with a preliminary hearing. The law is well-settled that defense attorneys, even those appointed pursuant to a state's criminal procedure, do not "act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson,* 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981). Consequently, they generally are not subject to suit under 42 U.S.C. § 1983. *Id.; see, also, Deas v. Potts,* 547 F.2d 800 (4th Cir. 1976). One exception to this rule is on the rare occasion when a defense attorney conspires with state officials to deprive his or her client of federal constitutional rights. *Tower v. Glover,* 467 U.S. 914, 919–920, 104 S.Ct. 2820, 81 L.Ed.2d 758 (1984). Plaintiff has not stated any allegations in the complaint that would suggestion conspiratorial misconduct on the part of Ms. Carico. The waiver of a preliminary hearing is not uncommon and is often a strategic

decision made by qualified and competent criminal defense counsel. However, if Plaintiff has evidence that Ms. Carico engaged in a conspiracy with state officials to deprive Plaintiff of his constitutional rights, then he should include factual allegations establishing the conspiracy in an amended complaint. Plaintiff is reminded that the amended complaint must be verified under penalty of perjury.

2. Cabell County, including its offices, is a municipality. A municipality cannot be held liable under § 1983 solely because it employs a person who allegedly violated the plaintiff's constitutional rights. *Monell v. Dep't of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). On the other hand, a municipality can be held liable under § 1983 for failing to properly train and supervise its employees when "the failure to train [and supervise] amounts to deliberate indifference to the rights of persons with whom [the employees] come in contact." *City of Canton v. Harris,* 489 U.S. 378, 387, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). However, merely stating that the municipality failed to train and supervise its employees is not enough to state a *prima facie* cause of action. *Dwares v. City of New York,* 985 F.2d 94, 100 (2d Cir. 1993). Instead, to succeed on such a claim, "[a] plaintiff must identify a particular deficiency ... and prove the deficiency was the cause of the constitutional injury. It is not enough to establish that a particular [employee] was inadequately trained, or that there was a negligent administration of an otherwise adequate program, or that the conduct resulting in the injury could have been avoided by more or better training." *Gausvik v. Perez*, 239 F. Supp. 2d 1047, 1053-54 (E.D. Wash. 2002). In the complaint, Plaintiff includes no *factual* allegations tending to show deficiencies in training and supervision. Statements of dissatisfaction with Ms. Carico's representation are insufficient to state a § 1983 claim against the Cabell County Public Defender's Office. Plaintiff shall amend the complaint to include factual allegations

3

demonstrating either "a failure to train officials in a specific area where there is an obvious need for training in order to avoid violations of citizens' constitutional rights", or "a pattern of unconstitutional conduct [that] is so pervasive as to imply actual or constructive knowledge of the conduct by the policy makers whose deliberate indifference to the unconstitutional practice is evidenced by failure to correct the situation when the need for the training becomes obvious." *Id.*

**Plaintiff is hereby given notice that a failure to amend the complaint as ordered may result in a recommendation that the complaint be dismissed for failure to state a claim compensable at law.** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs shall be held in abeyance pending initial review of Plaintiff's amended complaint, or pending other further proceedings in this case.

**Plaintiff is also advised** that 28 U.S.C. § 1915 governs actions in which a prisoner seeks to proceed without prepayment of fees or costs ("*in forma pauperis*"). Section 1915(g) of the statute includes a "three strikes" rule, stating as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

According to the Court's docket, Plaintiff has now filed four *pro se* lawsuits in this Court in the past two weeks, and in all four, he has requested to proceed without prepayment of fees or costs. If three of these cases are dismissed for any of the reasons set forth above, Plaintiff shall be barred from filing *any* other cases *in forma pauperis* unless he is in **imminent** danger of **serious physical** injury. Therefore, Plaintiff may wish to carefully review the four cases he has filed and determine whether he wishes to proceed with all

4

four actions. Plaintiff is advised that the United States District Court should not be treated as a receptacle for his daily grievances with the state court system and his correctional facility, and he is required to exhaust his administrative remedies before proceeding to this forum. If Plaintiff wishes to voluntarily dismiss any of the pending actions, he shall file a motion for voluntary dismissal with the Clerk of Court.

Plaintiff is reminded of his obligation as a *pro se* plaintiff to promptly advise the Clerk of Court of any changes in his address.

The Clerk is directed to mail a copy of this Order to Plaintiff.

**ENTERED:** April 21, 2016

_____
Cheryl A. Eifert
United States Magistrate Judge